FORRESTON COUNTY MUTUAL FIRE INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, *v.* FLEETWOOD HOMES OF WISCONSIN *et al.*, Defendants-Appellees.

Second District No. 76-305

Opinion filed July 26, 1977.

Donald J. Miller, of Forreston, for appellants.

Clark & Heaslip and Maynard, Brassfield & Cowan, both of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting a directed verdict in favor of the defendants Fleetwood Homes of Wisconsin and Coleman Furnace

Co. (hereafter Fleetwood and Coleman). Best Homes of Belvidere (hereafter Best Homes), an original defendant, was also granted a directed verdict below and plaintiff has elected not to appeal that portion of the order. The issues presented on appeal are (1) whether the trial court erred in granting motions in limine and (2) whether the trial court erred in directing a verdict for the defendants. We affirm.

Forreston County Mutual Fire Insurance Co. (hereafter Forreston) as subrogee of Glen and Merna Whitlock (hereafter the Whitlocks), and the Whitlocks individually brought this action. Forreston seeks recovery for money it paid to the Whitlocks under a contract of insurance, and the Whitlocks seek the difference between the value of their loss and the payment they received from Forreston.

The Whitlocks purchased a mobile home manufactured by Fleetwood. The purchase was made in August 1971 from Best Homes. After the home was delivered, the Whitlocks had Best Homes replace the original oil furnace with a gas furnace manufactured by Coleman. About four months after delivery, the home was damaged by a fire which apparently began in a closet which contained the furnace. During the four-month period, the Whitlocks had made no alterations to the wiring or to the furnace other than ordering the change in furnaces.

At a pretrial conference, the defendants made motions in limine to exclude evidence of prior wiring and furnace problems. For the limited purpose of showing notice to the defendants of a dangerous condition, Forreston and the Whitlocks had indicated that they wished to show that the Whitlocks had had prior instances of trouble with the blower on their Coleman furnace, and that there had been 17 prior instances of electrical wiring problems in other mobile homes manufactured by Fleetwood. The trial court granted defendants' motions in limine; the plaintiffs made no offer of proof as to the exact evidence they would seek to introduce on this issue and proceeded with their case on the theory of res ipsa loquitur. At the close of plaintiffs' case, the defendants made a motion for a directed verdict, which was granted.

■■ Plaintiffs argue that the trial court erred in granting the motions in limine. We do not question plaintiffs' position that evidence of prior similar occurrences may be admitted for limited purposes, such as notice of a dangerous condition. Neither do we question that a brief statement by counsel may constitute an offer of proof when it is obvious that a witness is competent and it is clear what the testimony will be and what the basis is for that testimony. However, where these factors are not clear, an offer of proof must be presented in considerably more detail. *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill. App. 2d 65.

■■ In the instant case the record does not show us clearly what the desired testimony was to be, nor does it show us what the basis was for

that testimony. Beyond being unclear, this court can only be confused by many of the exchanges before the trial court. At one point, plaintiffs' counsel began to reach the issue of causation:

"Mr. Laken has testified in his deposition and would testify that the cause of the wiring of the problems, electrical problems, the particular kind of wire, aluminum wiring, he gives a list of all these things."

Yet there was no attempt to causally link any alleged problem in the wiring to the fire or any other problem in plaintiffs' home, nor was any basis given for this witness' testimony. When counsel for one of the defendants later returned to identifying the occurrence in the mobile home, this exchange resulted:

"[Plaintiffs' Attorney]: Electric wiring, not up to code.

[Defendant's Attorney]: Was not up to code, not up to standard. Do you have any proof that it wasn't?

[Plaintiffs' Attorney]: When did I do that?"

Counsel for the plaintiffs did make one comment which would have assisted him had he not contradicted himself later in the same paragraph:

"* * * in this case we allege it was electrical wiring. * * * I don't say specifically the wiring because it was an improper claim, * * *."

The confusion which appears from the record compels us to hold that plaintiffs here were required to present a more detailed offer of proof, and that the statements by counsel in the record in no way constituted such an offer.

■■ Plaintiffs' failure to make an offer of proof constitutes a waiver of any alleged error in the granting of the motions in limine. A similar situation occurred in *Harris v. Algonquin Ready Mix, Inc.* (1973), 13 Ill. App. 3d 559, where a question at trial regarding a prior similar occurrence was objected to and sustained. A discussion in chambers failed to persuade the court to admit the testimony. The line of questioning was dropped and no offer of proof was made; the court held that no appealable issue remained.

In the cause before us, defendants' motions in limine were in anticipation of testimony which would have been objected to. A discussion in chambers did not persuade the court to admit the testimony, the motions were allowed, and the plaintiffs made no offer of proof. In absence of an offer of proof, we have no definite evidence to evaluate under the applicable rules of evidence. In light of *Harris*, we find that the failure to make an offer of proof precludes our review of this issue.

■■ Plaintiffs next argue that the trial court erred in directing a verdict for the defendants. They argue that a *prima facie* case of negligence as part of the res ipsa loquitur theory would have been shown had they been

allowed to introduce the excluded evidence with that which was admitted. Our examination of the record shows no proof of causation linking either the wiring or the furnace to the fire. The discovery of the fire in the furnace closet is not enough to create the necessary causal link. Absent a showing of causation, plaintiffs may not recover, no matter what theory they advance. (*Jirik v. General Mills, Inc.* (1969), 112 Ill. App. 2d 111; *Householder v. Prudential Insurance Co.* (1970), 130 Ill. App. 2d 184.) Applying this rule to the cause before us, we find that the trial court did not err in directing a verdict for the defendants.

The decision of the trial court is accordingly affirmed.

Affirmed.

GUILD and NASH, JJ., concur.